## NICHOLS *vs.* SMITH and others.

In an action upon a promissory note, made by the defendants, together with L. S. and S. S., payable to E. C. or bearer, the defendants, admitting the execution of the note, alleged in their answer, and on the trial offered to prove, by parol, that A. S., one of the defendants, being indebted to E. C. in the sum of $3400, on two bonds and mortgages, which were liens on his land, sold the mortgaged premises to L. S., (since deceased,) who, as a part of the consideration money, assumed to pay the amount due on the mortgages, including the note, which note was given at the request of E. C. and as collateral security merely, for the payment of $521:09, for arrears of interest due on the bonds and mortgages, and upon the agreement that it was not to be collected except in case of a deficiency upon the foreclosure of the mortgages. A foreclosure suit was commenced by E. C., but before judgment, the bonds and mortgages were assigned to the plaintiff, and the suit was continued in his name. A decree for sale was obtained, and the premises were advertised for sale; but although bidders were present, who offered to bid the premises off for the whole amount of the decree, the plaintiff refused to allow the sale to be made. The mortgages were the first and only liens, and the premises were worth more than the amount due upon the mortgages, including the note. L. S., who on purchasing the premises agreed to pay the bonds and mortgages and note, and thus became the principal debtor, was dead, and the plaintiff was administrator of his estate, and as such was in possession of the mortgaged premises, and in receipt of the rents and profits thereof. The defendants had tendered the amount due on the decree, which was refused. The note was transferred to, and taken by, the plaintiff, with full notice of all the facts.

*Held*, 1. That inasmuch as the plaintiff represented the principal debtor, as his administrator, and had in his hands the funds of the intestate, which was the primary fund for the payment of the debt, the defendants had the right, in equity, to require him, in the first instance, to exhaust such fund before he resorted to the sureties of his intestate.

2. That the defendants were not bound to rely upon this equity as a defense. That when the plaintiff proceeded to foreclose the mortgages, and took a decree for the full amount thereof, including the amount of the note, he elected to proceed *in rem*, and in equity, for the collection of the bonds and mortgages against the mortgaged premises, and was bound to exhaust his remedy, by the sale of the mortgaged premises, the primary fund for the payment of the original debt, before he could proceed at law against other parties or property liable collaterally for the same.

3. That it was proper for the defendants to show the proceedings in the foreclosure suit, and the judgment rendered therein. That such proceedings constituted a complete defense to the action, under the statute, (2 *R. S.* 191, §§ 153, 156;) and it was error to exclude such evidence.

4. That the defendants were entitled to give parol evidence to establish the fact that the note was given as collateral to the interest which had accrued on the bonds and mortgages. That this was not to contradict the note, but to show its object, or consideration.

THIS action was brought to recover the amount of a joint and several promissory note, signed by Allen Smith, *Leonard Smith,* Sally Swift and Ransom D. Watkins, for $521.09. The answer states and sets forth, that the note was executed and delivered to Eleazer Carter, on the 20th of December, 1861. That at the time of the execution and delivery of the note to Carter, Allen Smith, one of the makers of the note, was indebted to said Carter in the sum of $3400, which was secured by two bonds and mortgages upon property in Cayuga county. That one of said bonds and mortgages was given by the defendant Allen Smith, to Almy S. Lund, and assigned to Carter. The other of said bonds and mortgages was given by Jonathan H. Lund and Almy S. Lund, directly to said Carter. That on that day, to wit, the 20th December, 1861, Allen Smith owned the premises covered by both of said mortgages, and was bound to pay them, and they constituted his indebtedness to Carter for the $3400, as above stated. That on the same day, Allen Smith sold and conveyed said premises to *Leonard Smith,* one of the makers of said note, and that as a part of the consideration money for the purchase of said premises, Leonard Smith agreed to pay said bonds and mortgages, including the note. That on the 20th day of December, 1861, there was due and unpaid, for interest upon said bonds and mortgages, the sum of $521.09. That at *the request* of Carter, and as *collateral security merely,* for the payment of the arrears of interest on said bonds and mortgages, said note was executed and delivered to Carter. That all of these facts were well known and understood by the plaintiff. That on the 31st day of January, 1863, Carter commenced an action in this court, against Allen Smith and others, to foreclose said mortgages, and claimed as due and unpaid upon the same, the

whole amount, including the amount of said note. That subsequently, and before a judgment was rendered in that action, said bonds and mortgages and note, were assigned by Carter to the plaintiff in this action, and he was substituted as the plaintiff in the foreclosure suit. That on the 24th of June, 1863, a judgment was rendered in said foreclosure suit, for $3669.62, being the whole amount of the bonds and mortgages, including said note, with a personal decree over against Allen Smith. That on the 25th day of June, 1863, the referee appointed in the foreclosure suit, advertised the premises for sale, on said judgment of foreclosure, for the 8th day of August, 1863. That on the said 8th day of August, 1863, the parties appeared and offered, and were willing to bid the premises off, for the whole amount of said mortgages or judgment, with interest and costs. That the said plaintiff refused to permit said sale to be made, and the proceedings to sell fell through, without any adjournment or postponement. That said mortgages were the first and only liens upon the mortgaged premises. That they were cultivated and improved farms, and were in fact worth more than the amount due upon said bonds and mortgages, including the note as aforesaid. That *Leonard Smith,* who purchased the premises as aforesaid, and who agreed to pay the bonds and mortgages, including the note, as a part of the consideration money for said premises, and who thereby became the principal debtor, was dead. That the plaintiff was his father-in-law and sole administrator of his estate, and as such, in possession of the mortgaged premises, and in the receipt of the rents and profits thereof. That on the 8th day of August, 1863, and before the commencement of this action, the defendants in this action (in order that they might, if necessary, be subrogated to the rights of the plaintiff, if any he had) offered to E. W. Arms, Esq. the plaintiff's attorney in the foreclosure suit, the amount due upon said judgment of foreclosure, with interest and costs, and which he refused to receive. The answer then concludes as follows: "And

the said defendants, further answering said complaint, allege that at the time of the making, executing and delivery of the promissory note in said complaint mentioned and set forth, it was expressly understood and agreed by and between these defendants and said Eleazer Carter, that said note should be held as, and it was solely made and delivered upon the express understanding that the same should be, collateral to the bonds and mortgages mentioned herein, and that said note should not become or be of any effect, or any steps be taken for the collection of the same, until the said mortgages had been foreclosed and the premises sold upon the same; and if said premises should not sell for enough to satisfy all that was due at the time of the sale upon the said bonds and mortgages, that then this note should be good and valid for the amount as proved deficient. That said note was transferred to the plaintiff with full knowledge of all the facts herein stated and set forth, and was taken by him as aforesaid, as these defendants have been informed, and verily believe. That said premises have not been sold, although said mortgages have been foreclosed; and these defendants allege that said premises are worth more than enough, and will, if said premises are fairly sold, bring more than sufficient to pay all sums that may be due or owing upon said mortgages.

And the defendants demand judgment against the plaintiff, that he forthwith proceed with a sale of said mortgaged premises, and apply the proceeds of such sale in payment and satisfaction of said judgment or decree; and that such further order or relief, in the premises, may be made and granted as shall be just and equitable; and the defendants ask that the complaint in this action be dismissed with costs."

On the trial of this cause at the circuit, the judge decided that the defendants had the affirmative of the issue. The defendants thereupon offered to prove by parol the above allegations contained in their answer, as the circumstances

Nichols *v.* Smith.

under which the note sued on was given, and the agreements between the parties, which was objected to by the plaintiff, and the objection sustained. To which rulings and decisions the defendants excepted. The defendants then asked to amend their answer by inserting an allegation of the want of consideration in said note; to which the plaintiff's counsel objected, and such objection was sustained, and his honor, the judge, refused the amendments, and the counsel for the defendants excepted. The judge thereupon instructed the jury to find a verdict for the plaintiff for the sum of $596.26, to which instruction the defendants excepted. The jury, under the direction of the judge, found and rendered a verdict in favor of the plaintiff and against the defendants, for the sum of $596.26. The judge thereupon ordered the case and exceptions to be heard in the first instance at general term, and all proceedings on the verdict to be stayed.

*D. Wright,* for the plaintiff. I. The necessary parties are not before the court, to authorize the settling of the equities, as asked by the defendants. When the note was made, Allen Smith, one of the defendants, was the principal, and Leonard Smith, now deceased, was one of his sureties. That relation cannot be changed without having the personal representative of Leonard Smith before the court, in his character as administrator. The creditors and next of kin of Leonard Smith are directly interested in that question, and hence it cannot be finally determined without having them represented in court.

II. The note is for the absolute payment of money, and cannot be changed by parol proof, to a mere contingent liability. (*Gridley* v. *Dole,* 4 *Comst.* 486. *Eaves* v. *Henderson,* 17 *Wend.* 190. *Brown* v. *Hull,* 1 *Denio,* 400. *Ely* v. *Kilborn,* 5 *id.* 514. *Payne* v. *Ladue,* 1 *Hill,* 116. *Erwin* v. *Saunders,* 1 *Cowen,* 249. 8 *John.* 189.)

III. The only remedy of the defendants, if they have any, is to pay or tender the amount due on the decree, and ask to

be *subrogated* to the rights of the plaintiff, and they must make the offer to pay *in their answer.* A mere tender before suit brought is not sufficient ; the tender must be continued. The plaintiff is entitled to his money, not merely to a judgment. (3 *Chit. Pl.* 938, *n. L.* 1 *Saund.* 33, *n.* 2. 8 *East,* 168. 1 *Ld. Raym.* 124. *Kortright* v. *Cady,* 23 *Barb.* 490.)

IV. Had the money been *collected* on the mortgage, and a plea of payment interposed, the fact of payment of the amount secured by the mortgages, and that the note was for the same debt and therefore paid, would have been admissible, under the decision in the case of *Chester* v. *The Bank of Kingston,* (16 *N. Y. Rep.* 336.) But until the debt shall be actually paid, the creditor, and not the debtor, nor his surety, has the right of electing in regard to which security he will enforce. Were the rule otherwise, the necessity of subrogation could never arise.

*W. T. Worden,* for the defendants. I. The plaintiff himself, as administrator of Leonard Smith, deceased, is the *principal debtor* in this case, and personally liable to pay the debt, and he also had at the same time in his possession, the funds which were pledged for the payment of the note, to wit, the mortgaged premises. If these defendants were to pay the note, they would have an equitable claim over against the plaintiff to be reimbursed the amount thereof. " Where one who has mortgaged land to secure a debt, afterwards sells the equity of redemption, subject to the lien of the mortgage, and the purchaser assumes the payment of the mortgage as a portion of the purchase money, the latter becomes *personally liable* for the payment of the debt of the former, to the holder of the mortgage in the first instance ; and if the mortgagor is compelled to pay it, he can recover it from the purchaser of the equity of redemption. In such case, the mortgagor and purchaser stand in the relation of principal and surety, the latter as security for the former, to the

extent of the mortgage debt." (*Blyer* v. *Monholland,* 2 *Sandf. Ch.* 478. See *Abbott's Dig. vol.* 4, *p.* 65, § 239, *tit. Mortgage.* 7 *N. Y. Rep.* [3 *Seld.*] 171. *Marsh* v. *Pike,* 10 *Paige,* 595.) Where a mortgagee takes possession of the mortgaged premises, he must account for the rents and profits, &c. (*Van Buren* v. *Olmstead,* 5 *Paige,* 9.) And this is so, though the tenant himself be the purchaser. (*Clason* v. *Corley,* 5 *Sand. S. C. Rep.* 447. See also 4 *Abb. Dig. p.* 56, *tit. Mortgage, Rents and Profits,* § 139.)

II. If the bonds and mortgages and note had in fact been owned by a third person, these defendants, on the facts stated, were entitled to have the proper judgment or decree entered, protecting their equitable rights, or to an assignment of the bonds and mortgages and note to themselves, or some friend for their benefit, so that they might themselves, or through the agency of a friendly plaintiff, have the proper decree or judgment entered. A prior tender or offer to pay would not affect their equitable rights, but only the question of costs. (*Cherry* v. *Monro,* 2 *Barb. Ch.* 618, *and cases there referred to.* See *Abb. Dig. vol.* 5, *p.* 107, *tit. Subrogation. Id. p.* 108, § 14, *Grant subject to mortgage; Clinton's Dig. vol.* 2, *p.* 1349, *tit. Subrogation.*) " The right of a surety to be subrogated, on payment of the debt, to the securities held by the creditor, does *not* depend *upon contract,* but rests upon principles of justice and equity." (4 *John. Ch. R.* 130, *and the cases there referred to. Mathews* v. *Aikin,* 1 *Comst.* 595. See also *Abb. Dig. vol.* 5, *p.* 107, *tit. Subrogation.*)

III. There being no reply to new matter set up in the answer by way of an equitable counter-claim for relief, the court here should dismiss the complaint and order judgment for the defendants, or else enter the proper decree or judgment protecting the equitable rights of these defendants, instead of sending the cause back to the circuit for a new trial. Unless this is done, a new trial should be ordered, with costs to abide the event. (*Code,* § 168.)

*By the Court,* E. DARWIN SMITH, J.   If the facts stated in the defendants' answers are true, it seems to me they made out a perfect defense to the action.   The note, when it was made, was given for the interest due on two mortgages upon land then owned by Allen Smith, and which he was bound to pay.   He was the principal debtor, and the other makers were his sureties upon the note.   The answer states that he afterwards sold and conveyed the land covered by said mortgages to Leonard Smith, one of the sureties, who assumed the payment of said mortgages, including the note.   Leonard Smith thereupon became the principal debtor, as between himself and the other makers of the note, and was primarily bound to pay the same.   While the bonds and mortgages and the note remained in the hands of Eleazer Carter, the owner of the same at the time of giving of said note, the rights of the parties were otherwise unchanged.   If the bonds and mortgages which the answer states were afterwards assigned to the plaintiff had been assigned to Leonard Smith in his lifetime, such assignment would have operated to pay the same, and would also have operated to merge the legal and equitable estate in him.   The assignment to the plaintiff, who is sole administrator of Leonard Smith, would have operated as payment, to the same effect, if made to him as such administrator.   The presumption would have been that he had paid the amount requisite to procure such assignment from the personal estate of the deceased, and he would have been bound to discharge the mortgage and cancel the note in suit.   But the assignment was not made to the plaintiff in his character as administrator, and as an individual he was as competent to purchase with his own means and hold the same, as any other person.   The fact that he was administrator of the estate of Leonard Smith did not disqualify him for holding and enforcing payment of said bonds and mortgages and note in his individual capacity.   But it seems to me that as he represents the principal debtor as administrator, and has in his hands the funds of the intes-

Nichols *v.* Smith.

tate, which is the primary fund for the payment of the debt, the defendants had the right in equity to require him in the first instance to exhaust such fund before he resorted to the sureties of his intestate. But I do not think that the defendants are bound to rely upon this, perhaps, debatable equity for a defense. This note was given, it is stated, as collateral security for the interest accrued on the bonds and mortgages at the date of the note, and the bonds and mortgages remain unpaid or uncanceled in respect to such interest, the note not being applied thereon. When, therefore, the plaintiff proceeded to foreclose said mortgages and took a decree or judgment in the foreclosure suit for the full amount of the bonds and mortgages, including the amount of the said note, he had elected to proceed *in rem,* and in equity, for the collection of said bonds and mortgages against the land covered by the mortgages, and was bound to exhaust his remedy by the sale of the mortgaged premises, which was the primary fund for the payment of the original debt, before he could proceed at law against other parties or property liable collaterally for the same. The plaintiff might have made the defendants in this suit parties to the foreclosure suit and had a decree against them for the deficiency after the sale of the mortgaged premises; but having omitted to do so, and having elected his remedy, he must abide by it and be confined to it until it is exhausted. He was required to state in his bill of foreclosure that no proceeding had been had at law for the recovery of such debt, or, if any judgment had been recovered at law, he was bound to show that an execution on such judgment had been returned unsatisfied, (§ 156; *of art. 6, ch.* 1. *part* 3, 2 *R. S.* 191.) Section 153 of the same statute is as follows: "After such bill shall be filed [that is, a bill for the foreclosure of a mortgage in equity] while the same is pending, and after a decree rendered thereon, no proceedings whatever shall be had at law for the recovery of the debt secured by the mortgage or any part thereof, unless authorized by the court of chancery." It was

therefore proper for the defendant to show, as he offered to do, the proceedings upon the foreclosure of the mortgages and the decision or judgment rendered therein. Such proceedings constituted a complete defense to the action, under this statute. It was error, therefore, to overrule such evidence. The defendants were clearly entitled to give parol evidence to establish that such note was given as collateral to the interest which had accrued on the bonds and mortgages. This was not to contradict the note, but to show its object or consideration. (*Chester* v. *Bank of Kingston*, 16 *N. Y. Rep.* 336.) I think, therefore, that there should be a new trial in the action, with costs to abide the event.

New trial granted.

[MONROE GENERAL TERM, September 5, 1864. *Welles, J. C. Smith* and *E. Darwin Smith*, Justices.]